[No. 21416.    Department Two.    July 8, 1929.]

LEON FREEMAN, *Respondent*, v. ARCTIC GROCERY COMPANY, *Appellant*.[1]

*Roberts, Skeel & Holman* and *A. P. Curry*, for appellant.

*Vanderveer & Levinson*, for respondent.

MAIN, J.—The plaintiff brought this action to recover for the death of his minor son claimed to be due to the negligence of an employee of the defendant. The

[1]Reported in 279 Pac. 100.

cause was tried to the court and a jury. At the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof and moved for a directed verdict, which was denied. The motion was repeated at the close of all the evidence, and was likewise denied. The jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which was sustained. From the order entered granting a new trial, the defendant appeals.

The appellant, the Arctic Grocery Company, a corporation, conducted a grocery store located at the northwest corner of West Seventieth street and Seventh avenue northwest in Seattle. West Seventieth street extends east and west and Seventh avenue northwest, north and south. The store fronted to the south on West Seventieth street. On the east side, fronting on Seventh avenue northwest, was a side door. The appellant owned a Star delivery truck which was operated by one of its employees, Axel Werelius. During the afternoon of May 26, 1926, the truck was backed up to the side of the store, heading in a northeasterly direction. It was loaded with boxes for delivery to customers. The truck had a tail gate, about fourteen inches high, which prevented the second row of boxes from sliding out to the rear. The seat of the truck was the usual height upon such vehicles. While the truck was being loaded, the respondent's minor son, Edward, about six and one-half years of age, together with three or four other boys of approximately the same age, was playing on the sidewalk near the side entrance to the store and six or seven feet from the truck.

After the truck was loaded, Werelius came from the side door of the store, approached the rear of the truck to ascertain where the first deliveries were to be made, went around and took the driver's seat

on the left-hand side thereof, and started the truck forward for a distance of (the evidence varies) from seven to twenty feet. He testified that his purpose was to straighten it up, and then back into the intersection of the two streets mentioned and go east on West Seventieth street to make his first deliveries. After straightening the truck up, he started to back. When the truck first started forward, or soon thereafter, Edward started to run after it for the purpose, apparently, of catching a ride. When the truck began to back, he was two or three feet from the rear end thereof. The truck struck his head or shoulders. He fell over and was pinched between the left rear wheel and the ground, and sustained injuries from which he died a few days later.

There was riding on the truck, back of the driver, a young man, sixteen or seventeen years of age, who observed Edward running after the truck, and, as soon as the truck started to back, he shouted to the driver. The truck backed only a few feet, two or three, when it struck the boy. The driver of the truck testified that he looked back before backing, but did not see Edward because the tail gate of the truck was something like six inches higher than the head of the boy. Another witness who observed the accident testified that Edward came from the front of the store and ran straight after the truck. The driver of the truck knew that the boys were playing on the sidewalk only six or seven feet from the truck when he started it.

■ The only question upon this appeal is whether there is sufficient evidence to take the case to the jury upon the question of the negligence of the driver of the truck. If there is sufficient evidence, the judgment should be affirmed because the order granting a trial was general and not upon a specific ground stated in the order. If there is not sufficient evidence to take

the case to the jury, then the judgment appealed from should be reversed and the case ordered dismissed.

■ An ordinance of the city of Seattle relating to the use of the streets of the city for use of vehicles, among other things, provides that, while backing, ''unceasing vigilance must be exercised so as not to injure those behind.'' The facts stated appear to us to make a question for the jury. The driver of the truck knew that the boys were in close proximity thereto when he started forward. He gave no further attention to them other than to look back while backing. Had he looked to the rear before starting to back there appears to be no reason why he could not have seen Edward approaching the truck before he got so close as to be hidden behind the tail gate. While the truck was being stopped and put in reverse, Edward, running at his best speed, as the witnesses testified, was approaching. Taking into consideration the fact that the driver knew the boys were playing on the sidewalk only six or seven feet from the truck when he started it forward, and the fact that, had he looked before starting to back, he undoubtedly could have seen the boy approaching, the question as to whether the driver of the truck exercised that degree of care which was required of him was one for the jury to determine.

Cases where railway trains or vehicles moving forward have killed small boys attempting to get aboard thereof without knowledge on the part of the driver of the vehicle or the operators of the train that they were so approaching, are not helpful in determining the question now before us.

In *Hahn v. Graham & Co.*, 148 La. 55, 86 South. 651, a four-year-old boy was injured by running into the left-hand front wheel of the defendant's auto truck when it was being backed and while the operator was looking backward over his right shoulder in order to

secure a better view of the street, and it was there held that there was not sufficient evidence to take the case to the jury. In that case, however, the driver of the truck had not seen the child at any time before the accident, and this fact is recognized by the court as of some significance.

The judgment will be affirmed.

MILLARD, FULLERTON, PARKER, and FRENCH, JJ., concur.