[No. 22449. Department One. July 14, 1930.]

HOWARD VANDIN et al., Respondents, v. HENRY MC-CLEARY TIMBER COMPANY, Appellant, JOHN A. SCULLY, INCORPORATED, et al., Defendants.[1]

Frank C. Owings, for appellant.
Roscoe R. Fullerton, for respondents.

MILLARD, J.—John A. Scully, Inc., owner of lots forty-two and forty-three, plat of Steamboat island, Thurston county, entered into an executory contract November 2, 1927, for the sale of the lots to Howard Vandin and wife. The record does not disclose

[1] Reported in 289 Pac. 1016.

whether the vendees ever entered into possession of the land. The contract was never recorded. At the time of the execution of the contract, the vendees paid to the vendor one hundred and twenty dollars of the purchase price of six hundred dollars. The deferred payments of forty dollars monthly were thereafter made by the vendees to H. J. Maury, to whom the contract had been assigned, with other like contracts, by the Scully corporation as security for a loan.

Under the assignment, Maury received the monthly installments from the Vandins and applied same to the payment of the Scully loan. At the time of the assignment of the executory contract to Maury, the Scully corporation executed and delivered to him a warranty deed (in which the grantee was not named) for the two lots. On or about December 1, 1928, the final installment of the purchase price was paid in the form of a check by the vendees to Maury. The check was not cashed, nor was the deed delivered to the vendees, who were informed by Maury that some question had arisen as to the title to the two lots by reason of the sale of same by the sheriff to satisfy a judgment obtained by the McCleary Timber Company against the Scully corporation.

It appears that, on February 29, 1928, the McCleary Timber Company obtained a judgment against John A. Scully, Inc., in the sum of approximately six hundred dollars. Execution issued on the judgment, and the two lots described above, together with other lands of the judgment debtor, were sold at sheriff's sale to the McCleary Timber Company, to whom the sheriff delivered his certificate of sale July 14, 1928. On August 27, 1929, a sheriff's deed to the property issued to the McCleary Timber Company.

On April 10, 1929, Vandin and wife commenced an action to quiet title to the two lots, joining the Mc-

Cleary Timber Company and others as parties defendant. Dismissing as to all defendants except the McCleary Timber Company, the plaintiffs filed their second amended complaint July 31, 1929. The cause was tried to the court, and resulted in judgment in favor of the plaintiffs. From that judgment the defendant has appealed.

The only question presented by this appeal is the priority of rights between appellant, who claims under the sheriff's deed, and respondents, who claim under their unrecorded contract with John A. Scully, Inc.

■ Appellant argues that, as an executory contract for the sale of real property vests no title or interest, either legal or equitable, in the vendee, the executory contract of November 2, 1927, between the Scully corporation and the respondents effected no change in the corporation's fee simple title to the property in controversy; therefore, the lien of appellant's judgment rendered February 29, 1928, against the Scully corporation attached at that time to whatever interest (which was ownership in fee simple) the judgment debtor had in the two lots.

True, we said in *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, that an executory contract to convey real property vested "no title or interest, either legal or equitable, to the vendee" until the contract is fully performed. But we did not hold that an executory contract for the sale of land vested no right in the vendee which the court will enforce at the suit of the vendee. *Pratt v. Rhodes,* 142 Wash. 411, 253 Pac. 640, 256 Pac. 503. Such contracts have all the validity that any other executory contract has which is duly and regularly executed by parties competent to contract. The respondent vendees have substantial rights, among which are the right of possession and the right to acquire title in accordance with the terms of the con-

tract. If equity require, the courts will specifically enforce such contracts.

". . . neither in the *Ashford* case or elsewhere has this court said that a purchaser in possession under an executory contract has no rights. Undoubtedly such purchaser does have a right of possession and a right to acquire title in accordance with the terms of the contract. Such rights, though not amounting to title, are substantial rights such as one having notice and knowledge is bound to respect. The doctrine of notice is not confined to the protection of titles, but extends to all substantial rights, as a reference to the law of negotiable instruments will clearly show." *Oliver v. McEachran,* 149 Wash. 433, 271 Pac. 93.

See, also, *State ex rel. Oatey Orchard Co. v. Superior Court,* 153 Wash. 10, 280 Pac. 350.

■ An execution creditor purchasing real estate at a sale under his own levy is not a *bona fide* purchaser and acquires no greater rights than the execution debtor had.

"It is the settled law in this state that a judgment is a lien on the real and not the apparent interest of the judgment debtor. An execution creditor purchasing under his own levy and sale is not a *bona fide* purchaser within the meaning of the recording acts. He takes no greater rights than the execution debtor had." *Ransom v. Wickstrom & Co.,* 84 Wash. 419, 146 Pac. 1041.

An outstanding equity or prior unrecorded claims or interests in property take precedence over the lien of a judgment creditor purchasing under his own levy and sale.

"It has become the settled law of this state, in harmony with the generally prevailing rule elsewhere, that the mortgaging or conveying of property to secure a pre-existing debt does not confer upon the grantee the right of a *bona fide* purchaser for value, as against the right of those acquiring a prior interest in the property, though such acquired prior interests be

unknown to the grantee [citing authorities]. This rule and the reason therefor is equally applicable to a lien claimed by a judgment creditor, even after he becomes a purchaser at execution sale held under his judgment, in any event, up until the time for redemption has expired, and he thereupon is given a sheriff's deed conveying absolute title to him in satisfaction of his judgment, or such portion thereof as his bid may represent. Whether he thereafter stands in the position of a *bona fide* purchaser for value, as against prior unknown and unrecorded claims or interests in the property so acquired by him, we may, for present purposes, regard as a debatable question. It is at least certain, under our decisions, that, until the time prescribed for redemption has expired, and absolute title vests in such a purchaser at execution sale, he is not a *bona fide* purchaser for value as against the redemption right possessed by grantees and lienors who have acquired interests in the property prior to his judgment or lien upon which it rests, though he have no notice thereof, either actual or constructive." *Malm v. Griffith,* 109 Wash. 30, 186 Pac. 647.

The vendor corporation assigned to H. J. Manly, by way of security for a loan, as it had a legal right to do, all of its rights under the contract with respondents. The judgment recovered by appellant against the vendor was a lien upon such right and interest as the judgment debtor then had, and no more. The respondents' equitable right to require a conveyance on fulfilling their part of the contract was not set aside by the attaching of the judgment lien. Of respondents' rights, the appellant was charged with notice.

The judgment is affirmed.

TOLMAN, BEALS, and MAIN, JJ., concur.