[No. 24188. Department Two. January 31, 1933.]

DAVID F. KUHN, *Appellant*, v. S. P. AMBROSE,
*Respondent.*[1]

*Arthur L. Generaux,* for appellant.
*Fred M. Bond,* for respondent.

STEINERT, J.—This is a replevin action to recover possession of certain personal property sold under conditional sales contract and subsequently acquired by a third party. The parties to this action are not those between whom the sales contract was originally made. From a judgment dismissing the action, tried before the court, the plaintiff has appealed.

On August 26, 1929, Carl D. Bush sold to J. M. Eager, under a conditional sales contract, a Fordson donkey and equipment for the sum of nine hundred

[1]Reported in 18 P. (2d) 485.

dollars, of which one hundred and fifty dollars was paid in cash at the time and the balance of seven hundred and fifty dollars was to be paid in monthly installments of one hundred dollars each, beginning September 25, 1929. The conditional sales contract was duly filed in the office of the county auditor for Pacific county on August 27, 1929.

On the same day, August 27, 1929, Pacific County Credit Bureau brought an action in the superior court for that county against Bush, to recover the sum of $666.70, which represented a group of assigned accounts. A writ of garnishment was issued, directed to J. M. Eager Logging Co. It is fairly deducible from the evidence that that company was not a corporation, but that J. M. Eager was a sole trader doing business under that appellation. J. M. Eager Logging Co. made answer to the writ, although its answer does not appear in the records of this case.

That action was never prosecuted to judgment, but appears to have been arrested and practically settled by stipulation between the parties to the action, and filed in the case on September 17, 1929. The stipulation, on its face, is somewhat indefinite and incomplete, in that it made no specific reference to the conditional sales contract or the property covered thereby. It did by its terms, however, provide that the garnishee was to pay to one J. P. Thompson or Pacific Grinding & Machine Works, seventy-five dollars per month until a total sum of $354 had been paid, and that "the balance of the money due, as stated in the terms of the contract disclosed by the garnishee defendant is to be paid to plaintiff."

Bush's total indebtedness on the assigned accounts plus the amount owing to Thompson aggregated $1,020.70. The evidence introduced made it plain that the collections by Pacific County Credit Bureau were

upon the conditional sales contract, and that the amount to be paid to Thompson or Pacific Grinding & Machine Works was for repairs that had been made on the donkey and other machinery belonging to Bush, for which Thompson had a labor lien.

On November 30, 1929, Eager assigned all his interest in the conditional sales contract covering the donkey and equipment to Pacific County Credit Bureau, the latter agreeing to make all payments due or which were to become due thereon. On December 4, 1929, Pacific County Credit Bureau assigned all its interest in the conditional sales contract to defendant for the sum of seven hundred and fifty dollars, payable in installments. Eager received fifty dollars out of the payments made by defendant as part consideration for the assignment by him. Defendant subsequently made full payment of the amounts to be paid by him to Pacific County Credit Bureau, and on July 24, 1930, Pacific County Credit Bureau filed in the auditor's office an instrument labeled "satisfaction of conditional sales contract," which in fact, however, was only a satisfaction of the assignment agreement between itself and defendant. It will be noted from the foregoing detail of facts that the full amount of the conditional sales contract between Bush and Eager has now been paid.

According to his own testimony, Bush tried several times to get an accounting from Pacific County Credit Bureau, but failed. Nothing else was ever done by him with respect to the donkey and equipment until shortly before this action was begun. On January 20, 1932, his attorney wrote to Pacific County Credit Bureau, demanding a statement and accounting of the money collected by it. No reply to that letter was ever received. On February 25, 1932, Bush entered into a written agreement with the plaintiff, by the terms of which Bush assigned to plaintiff all his interest in the

conditional sales contract, and plaintiff agreed to advance all sums necessary to recover the property and, after reimbursing himself for all sums expended by him plus a stated percentage for compensation to himself, to account to Bush for the balance. This action was then begun by plaintiff against defendant. From an adverse judgment, the plaintiff has appealed.

Appellant makes three contentions upon this appeal. The first is that J. M. Eager, the original vendee in the conditional sales contract, had no interest therein that he could sell or assign. There was no provision in the contract forbidding its assignment. The contract was not in default when Eager assigned it, and no default was ever declared until shortly before this action was begun, and until after the respondent had made full payment thereon.

Appellant relies on the case of *Holt Mfg. Co. v. Jaussaud,* 132 Wash. 667, 233 Pac. 35, 38 A. L. R. 1312, in which we held that no title whatever passes under a conditional sales contract of personal property. We have, however, since receded somewhat from that position, and have later held that the vendee does have some interest in the chattel, and that such interest is subject to attachment. *Hess v. Starwich,* 149 Wash. 679, 272 Pac. 75. If the vendee's interest may be the subject of attachment, then it may also be subject to voluntary transfer, unless prohibited by the agreement of sale.

The second contention is that Eager, the original vendee, never agreed to become bound by the terms of the stipulation between Bush and Pacific County Credit Bureau. That is wholly immaterial. Bush was bound by it, and Eager is raising no objection against it. Moreover, what interest Eager ever had in the conditional sales contract was assigned by him for a consideration which he received and kept.

█ The third contention is that the terms of the conditional sales contract have never been complied with, in that Eager never made any of the payments, maturing in installments, subsequent to the cash payment on delivery of the donkey and its equipment. That, likewise, is immaterial. The purchase price has been fully paid, under an arrangement whereby Bush constituted Pacific County Credit Bureau his agent to collect the payments. If Bush or his assignee, the appellant, has any claim whatever, it is for an accounting against Pacific County Credit Bureau. That matter, however, is not before us, and does not call for our decision. The record shows that Bush sought an accounting from Pacific County Credit Bureau long before this action was begun. He conceived then what his proper remedy was and should have pursued it, instead of making the provision that he did for the maintenance of this action.

The judgment is affirmed.

BEALS, C. J., MAIN, and TOLMAN, JJ., concur.