[No. 24401.   Department One.   April 17, 1933.]

A. TOPE, *Appellant,* v. ROSS R. BRATTAIN *et al.,*
*Respondents.*[1]

*Robert G. Cauthorn,* for appellant.
*Walter H. Hodge,* for respondents.

MILLARD, J.—A. E. C. Macdonald's execution credi-
tor (A. Tope) purchased, at a sale under his own levy,
an automobile on which Macdonald had previously
given to Ross R. Brattain a chattel mortgage.   Sub-
sequent to Tope's purchase of the automobile at his
own execution sale, judgment was entered in favor of
the plaintiff in an action brought by Brattain against

[1]Reported in 21 P. (2d) 241.

Macdonald to foreclose the chattel mortgage on the automobile. Tope instituted an action to restrain the chattel mortgage foreclosure sale, and prayed that the title in the automobile be quieted in him. The cause was tried to the court, which found that the rights of mortgagee Brattain were superior to those of execution creditor Tope. Judgment of dismissal was entered. Plaintiff has appealed.

The facts are as follows: On March 25, 1929, Macdonald was indebted in the sum of $206 to appellant on the former's ninety-day promissory note of that date to the latter. On April 30, 1929, S. L. Savidge, Inc., sold to Macdonald, under a conditional sales contract, an automobile (the subject matter of this controversy) for a consideration of three hundred and fifty dollars cash at the time of the sale and twelve monthly installments of $61.84 each, beginning May 30, 1929. Within the prescribed statutory period, the contract was filed in the office of the county auditor for King county. Title to the automobile was, by the contract, which the vendor assigned to the Commercial Credit Company, reserved in the vendor or its assignee until full performance by the vendee of all the terms and conditions of the contract. The contract further provided:

"The purchaser shall keep said property free from all taxes, liens and encumbrances, . . . purchaser shall not transfer any interest in this contract or said property nor permit the same to become the subject of the levy of any writ of attachment or any other process."

On May 8, 1929, Macdonald gave to Brattain a chattel mortgage on the automobile and a few pieces of furniture (the value of the furniture was not in excess of one hundred dollars) to secure payment of Macdonald's promissory note of even date for fifteen hundred

dollars. The chattel mortgage was filed in the office of the auditor for King county within the prescribed ten-day period.

On May 13, 1930, when one or two of the remaining monthly installments of $61.84 were unpaid, the appellant commenced an action against Macdonald on the latter's note of March 25, 1929, for $206 to the appellant. Macdonald's automobile was seized by the sheriff pursuant to writ of attachment issued in that cause. On June 9, 1930, by his answer in the action on the note, Macdonald denied execution of the note. On or about this time, Brattain paid the last installment due on the automobile. On June 13, 1930, the vendee having performed all the terms and conditions of the contract, the vendor executed and delivered to Macdonald a bill of sale covering the automobile.

On January 7, 1931, appellant was awarded default judgment against Macdonald, and the attached automobile was ordered sold to satisfy the judgment. Pursuant to that order, the automobile was sold at sheriff's sale on January 17, 1931, and was purchased at that sale by appellant, the execution creditor. The chattel mortgage given to Brattain by Macdonald was not mentioned or considered in any of the proceedings having to do with the attachment and sale of the automobile to the appellant.

On January 24, 1931, Brattain instituted an action against Macdonald and the sheriff. The purpose of that action was to foreclose the chattel mortgage and to recover damages against the sheriff for conversion of the car. The demurrer of the sheriff was sustained, and he was dismissed as a party to the action. On May 1, 1931, decree was entered foreclosing the chattel mortgage and ordering sale of the automobile. Appellant was not a party to that action. On May 29, 1931, pursuant to court order, appellant appeared in

proceedings supplemental to execution. An order was entered restraining appellant from "moving, disposing of or destroying" the automobile; and the sheriff was authorized to use such force as was necessary to remove the automobile from appellant's garage and subject it to the order of sale in the foreclosure action.

A few days later, appellant instituted this action to restrain the foreclosure sale and to quiet title to the automobile in him. The court entered an order enjoining the sale of the car until adjudication of the question of title thereto. The trial, nine months later, of the cause to the court resulted in favor of the respondent—the action was dismissed and the temporary restraining order was quashed.

Appellant contends that Macdonald, the vendee in the conditional sales contract, did not have a mortgageable interest in the property subject to that contract; that is, one must have a title to pass to make a mortgage, and, as title in the automobile was reserved in the vendor until the vendee performed all of the terms and conditions of the contract, vendee Macdonald had nothing to mortgage on the date he executed the chattel mortgage.

Macdonald was a vendee in possession of personal property under a conditional sales contract which reserved title in the personal property in the vendor until performance of the terms and conditions of that contract; that is, he had possession of the property with, the right to its possession and use, and the right to become its absolute owner on complying with the conditions of the sale. The contract was not in default when the vendee executed the chattel mortgage on the personal property to secure payment of his indebtedness to the respondent.

Though the contract forbade transfer of the vendee's interest in the contract or in the property subject to

that contract, that provision may not be invoked by the appellant, who was not a party to the sales contract. A purchaser of personal property on conditional sale acquires an interest which he can mortgage, regardless of the effect, as between him and the seller, of restrictions against incumbrances. *In re Russell Falls Co.,* 249 Fed. 260; *Dame v. Hanson & Co.,* 212 Mass. 124, 98 N. E. 589, 40 L. R. A. (N. S.) 873, Ann. Cas. 1913 C, 329; Estrich, Instalment Sales, p. 499, § 242.

A mortgagor must possess some interest in mortgaged property in order that a lien may be created by mortgage. The interest of a purchaser under conditional sales contract in the subject matter of the contract, though a limited or special interest, is sufficient to support a chattel mortgage. 11 C. J. 429, § 39; *Kuhn v. Ambrose,* 171 Wash. 528, 18 P. (2d) 485; *Carpenter v. Scott,* 13 R. I. 477; *Albright v. Meredith,* 58 Ohio St. 194, 50 N. E. 719; *Cutting v. Whittemore,* 72 N. H. 107, 54 Atl. 1098; *Dame v. Hanson & Co.,* 212 Mass. 124, 98 N. E. 589, 40 L. R. A. (N. S.) 873; 5 R. C. L. 402, § 25. The purchaser under conditional contracts of sale, by which the seller retains the title in the subject matter of the contract until the full price is paid, has a mortgageable interest.

"And it has been held that though the contract provides that if the buyer shall sell, mortgage or pledge the property or fail in payments, the seller may take immediate possession, and hold the property free of all claims from the buyer, the latter may confer an interest on an assignee which will enable him to perfect the title by full payment of the price, and the attempted assignment does not forfeit all rights under the contract. If the buyer before acquiring a perfect title by paying the stated instalments sells or mortgages the property to a third person, the moment the title is perfected by him it passes to such third person." 24 R. C. L. 499, § 792.

The respondent mortgagee foreclosed his mortgage after payment of the final installment on the contract and the vesting of title in the mortgagor, vendee Macdonald. Appellant, a creditor of the mortgagor, one month prior to the vendee's payment of that final installment, commenced an action against Macdonald on his note. Macdonald's automobile was seized by the sheriff pursuant to writ of attachment issued in the cause. Eight months later, or seven months after mortgagor's title vested in the automobile, appellant obtained judgment by default against Macdonald and purchased, at a sale under his own levy, the attached automobile. The chattel mortgage of Macdonald was then of record and not satisfied, yet the respondent mortgagee was not made a party to the action of appellant against Macdonald. Thereafter, as recited above, followed foreclosure action by respondent and this action to restrain the foreclosure sale.

The interest of Macdonald, the vendee in the conditional sales contract, was personal property. The right or interest which one has in things personal is personal property. Bouvier's Law Dictionary, p. 2576. Chattel mortgages may be made upon all kinds of personal property. Rem. Rev. Stat., § 3779. The chattel mortgage on the automobile was timely filed as required by the statute (Rem. Rev. Stat., §§ 3781, 3782), and thereby became full and sufficient notice to all the world of the existence and conditions thereof. At his own execution sale, the appellant purchased the automobile which was subject to a chattel mortgage. Of the existence and conditions of that chattel mortgage, the appellant had constructive notice. It follows that the appellant did not, by his purchase at the execution sale, acquire rights superior to those of the respondent.

An apt authority is *Albright v. Meredith,* 58 Ohio St. 194, 50 N. E. 719. In that case, a cash register was

sold on conditional sale contract to J. A. Morrow for a stated amount payable in installments represented by promissory notes. Morrow, thereafter, executed and delivered to Meredith a chattel mortgage on the cash register. The contract and chattel mortgage were duly recorded. The conditional sale vendor later brought an action, and obtained a judgment on the notes against Morrow. An execution issued to Constable Albright, who took possession of the cash register and held it until it was taken from him in a replevin action instituted by Meredith, the mortgagee. The court said:

"The issue is between Albright, the constable, and Meredith, the mortgagee. It is, which was entitled to the possession of the cash register? The one stands upon his levy of the execution; the other upon his mortgage. No question can now be made as to the validity of the mortgage, for the agreed facts show that it was valid. That is, it was valid provided Morrow had an interest in the register which could be the subject of mortgage. And this is not open to question, for he had paid a portion of the purchase money. This gave him an interest which he might mortgage. It is not necessary that the mortgagor shall have the entire title. A limited or special interest in property, is sufficient to support a mortgage of it. And that this interest is acquired by conditional sale does not alter the case. Jones on Chattel Mortgages, 114; *Crompton v. Pratt,* 105 Mass. 255; *Day v. Bassett,* 102 Mass. 445. This mortgage, therefore, was good as to all the world save the vendor, and good against it save only when it asserted its right in accordance with law."

The judgment is affirmed.

BEALS, C. J., MITCHELL, and HOLCOMB, JJ., concur.