[No. 27581. Department Two. January 26, 1940.]

L. A. SNOW, *Appellant*, v. A. F. MITCHELL *et al.*, *Defendants*, GENERAL MACHINERY COMPANY, *Respondent.*[1]

[1]Reported in 97 P. (2d) 1097.

*Charles P. Lund,* for appellant.

*James A. Brown,* for respondent.

GERAGHTY, J.—The plaintiff, L. A. Snow, doing business as L. A. Snow Company, instituted this action to foreclose a chattel mortgage, executed by Mitchell and Long, copartners, upon certain road building equipment, to secure an indebtedness owing to the plaintiff. An item of the mortgaged property was a "Model L. O." Allis-Chalmers tractor, then in possession of the General Machinery Company, a corporation, under a claim of ownership. By an amended complaint, the machinery company was made a party to the action as an additional defendant.

The evidence is not before us either in the form of a statement of facts or bill of exceptions. The undisputed facts as found by the court, in so far as they relate to the present controversy, may be summarized as follows:

August 14, 1935, the plaintiff, Snow, delivered to Mitchell and Long the tractor in dispute, in accordance with the terms of a contract of conditional sale embodying the following provision:

". . . and vendee further agrees not to permit any lien or incumbrance to be filed against said property, and agrees not to sell, lease or mortgage, or in anyway dispose of or incumber said property or permit the same to be used by another without written consent of vendor."

Subsequently, October 11, 1935, the plaintiff sold and assigned his interest in the tractor and contract to

Allis-Chalmers Manufacturing Company; and that company, in turn, February 24, 1937, sold and assigned its interest in the tractor and contract to General Machinery Company.

On April 8, 1937, the vendees, Mitchell and Long, gave the plaintiff the chattel mortgage sued on. At the time the mortgage was given, the last two installments of the purchase price, represented by two notes, each in the sum of $426, due July 20 and August 20, 1936, respectively, were due and unpaid, together with interest.

November 24, 1937, the machinery company repossessed the tractor, after demand upon Mitchell and Long for payment of the balance due on the contract and a tender of possession by the vendees, owing to their inability to make payment.

The court found that the General Machinery Company had not consented in writing or otherwise to the encumbering of the tractor by Mitchell and Long; that it had made no demand on the plaintiff for payment of the balance due on the contract; had not notified him of its intention to declare a forfeiture and repossess the tractor; and that, at the time of repossession, the machinery company had actual, as well as constructive, notice of the chattel mortgage held by the plaintiff. The court made other findings, with which we are not concerned here, with respect to the indebtedness of Mitchell and Long to the plaintiff.

The judgment entered by the court dismissed the foreclosure action against the General Machinery Company, adjudged it to be the owner of the tractor, and declared the mortgage sued on to be void as against it. The judgment gave the plaintiff relief against Mitchell and Long by foreclosure of the mortgage upon the property covered by it, other than the tractor here in dispute. The plaintiff appeals from the judgment

in so far as it denied him relief against the machinery company.

A vendee has a right to encumber his interest in property purchased on a contract of conditional sale. *Kuhn v. Ambrose*, 171 Wash. 528, 18 P. (2d) 485; *Tope v. Brattain*, 172 Wash. 556, 21 P. (2d) 241. This right continues until the vendor has exercised his right; and this right to encumber remains with the vendee, even though he be in default, until the vendor exercises his right by demanding or making repossession. *National Cash Register Co. v. Wapples*, 52 Wash. 657, 101 Pac. 227.

The appellant acquired no greater right than the vendee possessed, namely, the right to perfect title by payment of the purchase price in accordance with the contract of sale. Whether or not the fact that the mortgagee was also vendor in the original contract of sale, containing a restriction on the vendees' right to encumber, alters the right of the parties, we need not consider, because the respondent did not repossess for breach of the provision against encumbrances, but for the vendees' default in making full payment of the purchase price and after their voluntary tender of possession.

The appellant, as the vendor in the contract of sale, knew its terms and the conditions under which his rights as mortgagee could be protected, namely, payment of any balance due on the purchase price. He seems to recognize this in the concluding paragraph of his brief, where he says he was entitled to notice of forfeiture and a reasonable opportunity to pay the balance due on the contract in order to protect his rights under the chattel mortgage.

The appellant knew, at least when the respondent was brought into the action as an additional defendant, that it had repossessed the tractor for the vendees'

breach of the contract in failing to make full payment of the purchase price. He did not then make tender of payment or express a willingness to pay, but, instead, alleged in his amended complaint that "said additional defendant is indebted to plaintiff in an amount in excess of the balance of the purchase price, if any, due it with respect to said tractor," and he asked, by way of relief, that his mortgage be adjudged a prior lien upon the property covered by it, but that,

". . . if it be determined that the additional defendant has an interest prior to plaintiff's interest in said property, that same be adjudicated to be paid in full through an offset of same by virtue of indebtedness to such extent due and owing from the additional defendant to plaintiff."

As the findings are silent on the question whether respondent was indebted to the appellant, it will be assumed, in aid of the judgment, that no such indebtedness existed.

The judgment of the trial court was correct and should be affirmed.

BLAKE, C. J., BEALS, JEFFERS, and STEINERT, JJ., concur.