[No. 28766. Department One. January 5, 1943.]

RECONSTRUCTION FINANCE CORPORATION, *Respondent,* v. OWEN HAMBRIGHT *et al., Defendants,* FARMERS WAREHOUSE COMPANY, *Appellant.*[1]

'Reported in 133 P. (2d) 278.

*Lowell B. Vail* and *William M. Clapp,* for appellant.

*Stimson & Donahue,* for respondent.

MILLARD, J.—Owen Hambright and wife, in the operation of their dry cleaning and laundry business at Soap Lake, had an open account with Farmers Warehouse Company, a corporation. January 12, 1939, the Hambrights executed, as security for payment of a loan of twenty-five hundred dollars from the mortgagee, a chattel mortgage (which was duly placed of record) to Reconstruction Finance Corporation. The chattel mortgage listed certain machinery and equipment, including one Ford panel delivery truck, motor No. 3792778, located on the premises of the mortgagors, and other items of equipment described as follows in a paragraph of the chattel mortgage:

"Together with and including all office furniture and fixtures, pulleys, shafting, belts, clutches, switch

boxes, conveyors, chains, pipe and pipe fittings, conduits, transformers, fire apparatus and hose, tools and miscellaneous equipment of every description and nature used in connection with the above or in anywise appertaining thereto; *together with all other personal property of a like nature hereafter acquired for use in connection with the mortgagors' business."* (Italics ours.)

April 6, 1940, Reconstruction Finance Corporation released, in writing, from the lien of the mortgage, the Ford delivery truck to enable the mortgagors to use that truck as part payment on a Chevrolet truck, purchased on a conditional sales contract, which contract was assigned to General Motors Acceptance Corporation. The mortgagee and mortgagors entered into a written agreement under which the mortgagors were obligated to execute a chattel mortgage covering the Chevrolet truck as soon as the mortgagors obtained title thereto from General Motors Acceptance Corporation. Farmers Warehouse Company did not have knowledge, until commencement of this action, that the above-mentioned release and agreement (which were not placed of record) had been executed, although the secretary-treasurer of the warehouse company knew that the Hambrights were being financed by Reconstruction Finance Corporation.

In August, 1941, while the Chevrolet truck was still under the conditional sales contract, the warehouse company brought an action on an open account to recover against the Hambrights for the purchase price of fuel furnished to the Hambrights in their business, after the chattel mortgage was executed by the Hambrights to the Reconstruction Finance Corporation. The warehouse company attached the Chevrolet truck, which was sold to it at sheriff's sale for satisfaction of the judgment entered against the Hambrights in that action.

Reconstruction Finance Corporation promptly advised the warehouse company that all interest of the Hambrights in the Chevrolet truck was under mortgage to it by virtue of the terms of the chattel mortgage described above. By stipulation of the parties, the priority of rights between Reconstruction Finance Corporation and Farmers Warehouse Company was adjudicated in the action instituted by Reconstruction Finance Corporation for foreclosure of the chattel mortgage.

The trial court found that the Chevrolet truck was subject to the chattel mortgage; that Reconstruction Finance Corporation's lien was superior to any right or lien of Farmers Warehouse Company; and concluded that the mortgage should be foreclosed in such manner as to include the Chevrolet truck. From judgment entered in consonance with the foregoing, Farmers Warehouse Company appealed.

Counsel for appellant argue: A chattel mortgage will not cover after-acquired property when that property is not described in the mortgage. The Chevrolet truck is not such a part of an establishment, like repairs and replacements in a large manufacturing establishment, as brings it within the provisions of the chattel mortgage which includes *all other personal property of a like nature hereafter acquired for use in connection with the mortgagors' business.* Appellant did not have notice that the Chevrolet truck was covered by any mortgage, since it was not described in any mortgage of record, and appellant did not have actual knowledge of any mortgage on the truck; therefore, any possible mortgage that respondent may have is void as to appellant under the statute which reads as follows:

"A mortgage of personal property is void as against all creditors of the mortgagor, both existing and sub-

sequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law." Rem. Rev. Stat., § 3780 [P. C. § 9747].

In *Bank of California v. Clear Lake Lbr. Co.*, 146 Wash. 543, 264 Pac. 705, we enunciated the rule that the after-acquired property clause in a mortgage, covering property after acquired for use in connection with the mortgagor's business, is valid and enforcible in accordance with its terms. See, also, *Straus v. Wilsonian Inv. Co.*, 177 Wash. 167, 31 P. (2d) 516, and *Mackall-Paine Veneer Co. v. Vancouver Plywood Co.*, 177 Wash. 503, 32 P. (2d) 530. In the last case cited, the chattel mortgage contained a clause:

"All additional machinery, of every kind and character, placed upon said property, or in said plant by the mortgagor, during the life of this mortgage, shall become subject to the mortgage and fully covered thereby."

In *Straus v. Wilsonian Inv. Co., supra,* the additional furniture installed was not only installed subsequent to the execution of the mortgage, but some of the additional property was installed by the assignee of the mortgagors. It is only necessary—clearly it does—that the Chevrolet truck (which was expressly fitted for the type of business in which the mortgagors were engaged) fall within the classification of "other personal property of a like nature hereafter acquired for use in connection with the mortgagors' business." The inclusion of the Ford truck in the chattel mortgage disclosed that the business had delivery equipment. The Chevrolet

truck replaced the Ford truck and was openly and publicly used in connection with the mortgagors' business. The delivery equipment is an essential part of a laundry business, and subject, of course, to replacement the same as any other necessary equipment. The Chevrolet truck is property of the character covered by the after-acquired property clause in the chattel mortgage.

The interest of the vendees (the mortgagors) in the Chevrolet truck under the conditional sales contract was subject to attachment and could be the subject of a chattel mortgage. In *Tope v. Brattain,* 172 Wash. 556, 21 P. (2d) 241, we held that the interest of a purchaser of an automobile under a conditional sales contract is sufficient to support a chattel mortgage, regardless of the effect as between him and the seller of restrictions against encumbrances; and that a stranger to the contract of sale may not invoke the restrictions to defeat the validity of the encumbrances.

In *Snow v. Mitchell,* 2 Wn. (2d) 424, 97 P. (2d) 1097, we held that a vendee has a right to encumber his interest in property purchased on contract of conditional sale, which right continues until the vendor has exercised his right; and that this right to encumber remains with the vendee, even if he be in default, until the vendor exercises his right by demanding or taking repossession of the property.

Appellant, as an attaching creditor, was not in the position of a bona fide purchaser for value. It had only such rights as the debtors (Hambrights) had in the property at the time it was attached. 6 C. J. 286; *Waddell v. Roberts,* 139 Wash. 273, 246 Pac. 755; and *Anderson Buick Co. v. Cook,* 7 Wn. (2d) 632, 110 P. (2d) 857.

It is unimportant whether appellant had knowledge of the agreement between respondent and the

Hambrights, under the terms of which the Ford truck was released from the mortgage to enable the Hambrights to purchase the Chevrolet truck on conditional contract of sale, and the Hambrights were obligated to give respondent a mortgage on the Chevrolet truck as soon as they obtained title thereto from the assignee of the conditional sale contract. An outstanding equity or prior unrecorded claim or interest in property takes precedence over the lien of a judgment creditor purchasing under its own levy and sale. *Vandin v. McCleary Timber Co.,* 157 Wash. 635, 289 Pac. 1016.

Counsel for appellant further contend that, as no steps were taken to obtain a new certificate of ownership on the Chevrolet truck, as required by statute (Rem. Rev. Stat., Vol. 7A (Sup.), § 6312-7 [P. C. § 2696-664]), appellant did not have notice of record that the truck was covered by any mortgage.

As appellant was not an innocent purchaser, or a bona fide purchaser for value, it may not claim protection from the lien of the chattel mortgage which was duly filed, but which was not registered as prescribed by the statute (Rem. Rev. Stat., Vol. 7A (Sup.), § 6312-7). Appellant took only the title of its judgment debtors. *Hartford v. Stout,* 102 Wash. 241, 172 Pac. 1168; *Vandin v. McCleary Timber Co.,* 157 Wash. 635, 289 Pac. 1016; *Junkin v. Anderson,* 12 Wn. (2d) 58, 120 P. (2d) 548, 123 P. (2d) 759.

In *Junkin v. Anderson, supra,* we held that one claiming title to an automobile is not estopped to assert such title, as against the judgment creditor of the one from whom he claims title, by the fact that a certificate of ownership has not been issued in his name pursuant to the statute.

The judgment is affirmed.

ROBINSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.