[No. 28763. Department One. March 6, 1943.]

NEWELL J. BANKS, *as Administrator, Appellant,* v. ANNA DOROTHY MORSE *et al., Respondents.*[1]

*Bertil E. Johnson, H. Sylvester Garvin,* and *Newell J. Banks,* for appellant.

*Joseph H. Griffin,* for respondent Morse.

MILLARD, J.—This action was instituted by Louise Spates, who died subsequent to taking of appeal, against Anna Dorothy Morse and plaintiff's former husband to quiet title to certain property in King county purchased by plaintiff as an execution creditor. The cause was tried to the court and resulted in judg-

'Reported in 134 P. (2d) 952.

ment in favor of Anna Dorothy Morse, who was ad-judged to be the owner of the subject matter of the controversy and title thereto was quieted in her. Plaintiff appealed.

The facts are as follows: Respondent Morse gave fifteen hundred dollars to Sherman Spates May 13, 1935, to complete payment of the purchase price for her of the home in which she resided, described as lot 17, block 14, Squire's Park addition to Seattle, and directed him to get a deed for her. Instead, Spates paid the money but fraudulently took deed to the property in his own name and placed that deed of record. Respondent commenced an action against Spates to quiet title to the property and served summons and complaint upon him personally in King county September 27, 1937. The complaint was filed May 31, 1939, on which date Spates' default was entered. A decree was entered in that action August 10, 1939, quieting title to the premises in respondent free and clear of any right, title, or interest of Spates in and to that property.

October 6, 1937, or nine days after respondent commenced her action against Sherman Spates, the latter filed complaint in divorce action against Louise Spates. In that complaint, Spates alleged that he was the owner of lot 17, block 14, Squire's Park addition to Seattle, and by the decree in that case, awarding a divorce to Louise Spates, she was given a judgment against Spates in the amount of fifteen hundred dollars, to secure payment of which she was given a specific lien against the property in controversy in this case. May 25, 1939, during the trial of the action for divorce, Spates testified that he invested a portion of the money in the property now in controversy and that Anna Dorothy Morse also put some money into it. The decree of divorce was entered May 27, 1939. The action

of Anna Dorothy Morse against Sherman Spates was filed May 31, 1939.

September 29, 1939, Sherman Spates executed a quitclaim deed to the property involved in this action, which deed was placed of record October 2, 1939. Execution issued on the judgment entered in the divorce action May 27, 1939, and the real property in question was sold at sheriff's sale to Louise Spates July 29, 1939. August 5, 1940, a sheriff's deed to the property was issued to Louise Spates, and that deed was placed of record August 6, 1940. It will be noted that the quitclaim deed from Sherman Spates to respondent was placed of record in excess of two months subsequent to the sheriff's sale, one year prior to the issuance of the sheriff's deed to the property, and four months subsequent to entry of decree in action by Anna Dorothy Morse against Spates, quieting title to the property in respondent Morse. The judgment in the amount of fifteen hundred dollars to Louise Spates in the divorce action was not a judgment for alimony enforcible by contempt proceedings.

The decree in the divorce action adjudged Louise Spates to be entitled to recovery of fifteen hundred dollars against her former husband, Sherman Spates. That judgment automatically became a lien, without the necessity of any specific declaration to that effect, upon all real property owned by Spates in King county, but it could not become, by declaration of the court making it, specifically a lien upon property which Spates did not own.

Respondent Morse entrusted her own money to Spates, as her messenger to pay remainder of purchase price on property in question and to obtain deed in her name; instead, he took legal title in his own name. Therefore, he held title to the property

as trustee for respondent Morse. *Carkonen v. Alberts,* 196 Wash. 575, 83 P. (2d) 899, 135 A. L. R. 209. The judgment in the divorce action in which respondent was not a party, could not operate to divest respondent Morse of title to her property.

█ The judgment recovered by Louise Spates against her husband was a lien upon such right and interest as he, the judgment debtor, then had and no more. That judgment was a lien upon the real, and not the apparent, interest of the judgment debtor. Louise Spates was an execution creditor purchasing real estate at a sale under her own levy, and she took no greater rights than the execution debtor had. *Vandin v. McCleary Timber Co.,* 157 Wash. 635, 289 Pac. 1016.

In the instant action to quiet title, it clearly appears that Spates held title to the property merely as trustee for respondent Morse, and there is no showing that he invested money belonging to himself or to the marital community consisting of himself and Louise Spates in the property in controversy.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.