[No. 19933. Department Two. December 28, 1926.]

WESTERN LOAN & BUILDING COMPANY, *Respondent*, v. J. E. McGILLIVRAE *et al.*, *Appellants.*[1]

[1] USURY (4)—CONTRACTS FOR INSTALLMENT PAYMENTS—CONSTRUCTION. Usury is not provided for in a promissory note reciting that it is a partial payment note, for $12,000, payable $215.40 monthly until eighty-one payments have been made, payments to be applied first on interest due, and balance upon the principal, where the total payments amounted to $181 less than twelve per cent per annum, with the payments applied each month, first on interest and the balance on the remaining principal.

[2] SAME (17)—EVIDENCE—WEIGHT AND SUFFICIENCY. Usury is not established by the fact that the vendor attempted to exact penalties and delinquent charges not provided for in the contract and not recognized or paid by the borrower.

[3] SAME (11)—COMMISSION OR BONUS TO AGENT. A loan is not usurious by reason of deducting the commissions of brokers

[1]Reported in 251 Pac. 770.

who were not agents of the borrowers, where the amount of the commissions added to the interest taken did not exceed twelve per cent per annum.

Appeal from a judgment of the superior court for King county, Kuykendall, J., entered December 9, 1925, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Modified.

*Jas. W. Carr* and *Marion Garland,* for appellants.

*Van Dyke & Thomas (James Ingebretsen,* of counsel), for respondent.

MACKINTOSH, J.—The respondent made a building loan to the appellants in the sum of twelve thousand dollars, which was evidenced by the following note secured by mortgage:

"$12,000.00   Bremerton, Washington, April 12, 1921.

"For value received, we promise to pay to the order of the Western Loan and Building Company, a corporation, at its office in Salt Lake City, Utah, the sum of twelve thousand dollars, with interest thereon at the rate of twelve per cent. per annum, principal and interest payable monthly, as follows:

"Two hundred fifteen and 40/100ths dollars on the 16th day of each and every month, commencing with the month of May, 1921, until eighty-one (81) payments shall have been made, payments to be applied first upon interest due, the balance upon principal. Default in the payment of any installment shall, at the election of the holder hereof, without notice, mature the entire indebtedness, and if after default, this note is placed in the hands of an attorney for collection, we agree to pay the reasonable attorney's fee of such attorney."

The note not being paid in full, this action was begun to foreclose the mortgage, to which the appellants interposed a defense that the respondent had charged them, and that they had paid, usurious interest on the loan, and consequently the respondent should be pen-

alized in double the amount of interest paid, and should be allowed no interest on the balance of the principal remaining unpaid. The trial court found that the note did not provide for usurious interest, and no usury had been paid, and consequently denied appellants' defense and entered judgment for the respondent, from which this appeal is taken.

The evidence shows that, a few months prior to the making of the loan, the appellants had subscribed to shares of stock in the respondent company, and thereafter had made application for the loan and paid a commission of one hundred twenty dollars for securing it; that the loan had not been advanced to the appellants in full at the time of the making of the note, but that four thousand dollars of the principal had been paid some months later, at which time the appellants received a credit of two hundred twenty-four dollars as a refund on unearned interest. The testimony further showed that the respondent had claimed and charged penalties and delinquent charges.

Rem. Comp. Stat., § 7304, [P. C. § 3161] provides that, if a greater rate of interest than twelve per cent shall be contracted for, or received or reserved, the contract shall not be void, but certain penalties are provided for the usury. The question, then, for determination is whether the contract here provided for more than twelve per cent or whether more than that amount of interest was received.

[1] The appellants' claim is that the note should be held to be one calling for the payment of principal and interest in eighty-one monthly payments, and that it was not a note to be enforced under "the rule of partial payments." In other words, the contention of the appellants is that, under the note, the interest should be calculated for the whole time, divided by

two, then added to the principal and divided into eighty-one equal payments, and that, under this construction, more than twelve per cent interest was contracted for. The respondent claims that the clear meaning of the note is that it is to be paid in partial payments, that is, that each month should be calculated the interest for that month, which should be subtracted from that monthly payment and the interest thus paid, and the balance applied on the principal; the next month starting with that new principal, and the payment for that month applied on the month's interest and the balance used for reducing the principal, and so on throughout the life of the note.

While figures are unerring, they can be made to perform some astonishing feats, as this case bears witness. The intricacies of the computations, based upon the varying theories, are extremely confusing, and any attempt to analyze these computations would result in an interminable and unenlightening discussion. It will suffice to say that this note plainly states that it is a partial payment note, for, on the face of it, the monthly payments are "to be applied first upon interest due, the balance upon principal." And figuring on that basis, as did the expert for the respondent, as well as the trial court and this court, all three results are within a few cents of agreeing, and show that approximately one hundred eighty dollars, less than twelve per cent, was called for if the payments were made according to the tenor of the note.

[2] It is true that the respondent attempted, under the guise of penalties and delinquent charges, to exact more than the legal rate of interest, and if it had been paid these illegal exactions, which were not contemplated by the terms of the note, it would have been collecting usury. But these claims for penalties and de-

linquent charges have never been recognized by the borrowers, and although the attempt of the respondent to charge them indicates an effort to secure more than the legal rate of interest, contrary to the terms of the note, and demonstrates a voracious and usurious propensity, yet the penalty provided in Rem. Comp. Stat., § 7304, [P. C. § 3161], cannot be visited upon the respondent, for the reason that, whatever its intention and effort may have been, they were not consummated, and the statute does not punish under such conditions.

[3] It appears from the record that the respondent in its credit of interest unearned on the payment of $4,000, was thirty-six dollars short of rebating the amount to which the appellants were entitled. It also appears that the payment of the commission for securing the loan, which the trial court found was paid by the appellants to persons who were not the agents of respondent, should have been charged to the respondent, as this court is of an opinion contrary to that of the trial court on this phase of the controversy. But these two items, which total one hundred fifty-six dollars, being less than the one hundred eighty dollars above referred to, the loan still would not come within the ban of the statute.

We agree with the trial court, that the stock transaction between the respondent and the appellants was independent of the loan and that the payment made for the stock is not a charge which enters into the question here under consideration.

This entire matter was carefully considered by the trial judge, who filed a memorandum decision, which so adequately covers the entire situation, and with which we agree, with the exception of the item in regard to the commission, that this opinion can do no better than to adopt that memorandum as a part of it.

"I have carefully considered the files and evidence in the above entitled case and have arrived at the following conclusions:

"(1)   The note and mortgage sued upon are not on their face usurious.  I have taken the trouble to make a careful computation of the terms and payments required by the note and mortgage, and find that 81 payments of $215.40 each, per month, leaves a balance in favor of the borrower of $181.07.   I might mention that this is my individual computation.

"I might say that, just at the conclusion of my computation, Exhibit 'F' which had been handed to Mr. Thomas to be typed, was returned to me, and I find from a comparison that there is only 11 cents difference between the computation in Exhibit 'F' and mine. Exhibit 'F' shows balance in favor of the borrower as $180.96, and mine $181.07.

"I may also state that I have taken the trouble to make a computation of the contract described in the case of *Western Loan & Building Company v. Larson,* 110 Wash. 213, which the defendant relies upon as being controlling in this case.   According to my computation in that case the contract was clearly usurious, for it showed that the borrower paid about $45.00 more than the lawful interest.   In this computation I did not take into consideration that the payments began the second day after the loan, which fact would have increased the amount some.

"(2)   In going through the correspondence I noticed that various amounts were charged up as penalties and delinquency charges.   Under the terms of the note and mortgage, there is no authority for making any such charges, and the defendant is not bound to pay.   If such were exacted, they should be credited up to the reduction of the mortgage indebtedness alone.

"I have also carefully examined the returned checks contained in the defendants' exhibits and compared them with the credits given upon the mortgage indebtedness in the complaint, and find that all payments which have been made have been credited to the mortgage indebtedness and none of them applied to delinquency charges.   In addition to this, the evidence of

the officers of the company was to the effect that all payments were credited to the mortgage indebtedness and none applied to the delinquency charges. The defendants could have successfully insisted, if any part of the payments were applied to delinquency charges, that they should be credited to the mortgage indebtedness.

"(3)    It appears from the exhibits that $4,000 of the loan was not paid to the borrower until the latter part of October, 1921. Instead of making the payment $4,000 the plaintiff made it $4,224, being a rebate on the interest of $224.

"The mortgage is dated the 12th day of April, 1921. The money was not received until October 27, the draft being dated October 25. From this it appears that practically six months and a half had elapsed, for which the defendants should not be charged interest on the $4,000, which amounts to about $260 at 12%. Of this, $224 was rebated in the draft of October 25, leaving a balance of $36 for which the defendants would be entitled to a credit. This item would be amply cared for in the $181.07 item above referred to.

"(4)    The next point raised is the item of $120 paid by the defendants to Fulton & Larkin, 'commission on loan.' I shall have to find from the evidence in this case that the firm of Fulton & Larkin were not the agents of the plaintiff in making the loan. They appear to be independent brokers, and whether they were entitled to charge defendants that amount of money or not it is unnecessary for me to determine.

"(5)    The only other point which I am called upon to determine is the question of some payments made on stock of the plaintiff company. There appears in evidence a receipt dated December 8, 1920, for $180, payment of four installments on 75 shares of Class 'A' stock of plaintiff company. The evidence shows about $450 as being paid upon this stock. Defendants claim that this renders the contract usurious. I think it is fully established that the defendants subscribed for this stock in the company and was an entirely different transaction from the loan itself, and no doubt, if payments were made as required, that they would

have a valuable asset in the stock. As it is, it appears that the stock can be redeemed for something less than the whole amount paid at this time, due to the fact that the payments were not completed. I am forced to hold that this was an entirely independent transaction from the loan itself, and consequently should not be considered in determining the questions involved in the loan.''

The cause will be returned to the trial court to amend the judgment in conformity with this opinion, and the appellants, having materially bettered their situation by this appeal, are entitled to their costs in this court.

TOLMAN, C. J., ASKREN, BRIDGES, and PARKER, JJ., concur.