[No. 36639.   Department Two.   September 10, 1964.]

BILLY J. WILLIAMS, *Respondent,* v. O. L. SPRING, *Appellant.*\*

*Perry J. Robinson,* for appellant.

*James B. Strong,* for respondent.

DONWORTH, J.—This is an appeal from a judgment establishing the damages resulting from the conversion of a pickup truck, which also brings up for our decision the question of liability which was resolved against appellant by the trial court on summary judgment.

Based upon the records and affidavits in the case, there are certain undisputed facts which are set forth in the following paragraphs.

Sometime prior to June 13, 1960, B. Kenneth Morlan, a resident of Spokane County, mortgaged his 1955 Ford pickup truck to the Spokane & Eastern Branch of Seattle-First National Bank. The chattel mortgage was properly executed and filed with the county auditor and registered with the Department of Licenses, which issued a certificate of ownership to the bank, listing the bank as holder of legal

\*Reported in 395 P. (2d) 180.

title. On June 13, 1960, Morlan also mortgaged the same vehicle to appellant, O. L. Spring, to secure payment of a money judgment which appellant had recovered against him. That chattel mortgage was also properly executed and filed with the county auditor of Spokane County, but it was not registered with the Department of Licenses. Therefore, the certificate of ownership did not contain any reference to the existence of the second mortgage.

Respondent, Billy J. Williams, on or about December 4, 1960, purchased the truck from Morlan on an oral contract entered into in Spokane County. Unable to secure a loan for the purchase of the truck in Spokane, respondent obtained a loan from the Larson Federal Credit Union of Grant County. The credit union paid off the amount owing on the first chattel mortgage to the bank in Spokane, and the bank forwarded the ownership certificate to the credit union. The Department of Licenses then issued a new certificate of ownership listing the credit union as the legal owner and respondent as the registered owner.

Appellant then brought a foreclosure action on his chattel mortgage by notice and sale pursuant to RCW 61.08.010 *et seq.*, and had the sheriff of Grant County (a defendant who was later dismissed by the trial court) seize and take possession of the truck from respondent. February 21, 1961, the truck was sold at a sheriff's sale. Respondent was the purchaser and received a bill of sale from the sheriff.

Thereafter, respondent sued appellant for conversion, claiming that he was the owner of the vehicle and that he was damaged by the taking and selling of the truck at the sheriff's sale.

Respondent moved for a summary judgment based upon the record and affidavits filed in the cause. The trial court heard the motion and entered an order granting respondent's motion for summary judgment, leaving the issue of damages to be tried at a later date.

Subsequently, the trial court heard testimony on the question of damages and entered findings of fact and conclusions of law dismissing the sheriff as a defendant and finding the value of the converted property to be $480 at the time of

the conversion. A judgment was entered granting to respondent recovery of the above-stated amount plus costs and statutory attorney's fees. From that judgment and the entry of the summary judgment on the issue of liability, appellant takes this appeal.

There are no basic facts that are disputed, so the principal error assigned is to the granting of the summary judgment and to the legal question raised thereby.

The principal issue in this appeal is whether a purchaser of a motor vehicle from the registered owner-mortgagor has an interest in the vehicle superior to that of a second mortgagee who has fully complied with the chattel mortgage filing statute (RCW 61.04.020) but has not complied with the motor vehicle registration act (RCW 46.12.170).

The first case to consider the two above statutes was *Merchants Rating & Adjusting Co. v. Skaug*, 4 Wn. (2d) 46, 102 P. (2d) 227 (1940), which held that a mortgagee did not have a priority lien as to a subsequent purchaser and his mortgagee where the chattel mortgage filing act was complied with but the registration act was not. The case is not wholly controlling here because it was ultimately decided on an equitable principle and not upon the relative impact of the two statutes on the problem presented.

The most important case on the question is *Olympia State Bank & Trust Co. v. Craft*, 56 Wn. (2d) 546, 354 P. (2d) 386 (1960),[1] which held that the motor vehicle registration act was not a Torrens type registration act. There, only the motor vehicle registration act was followed and no effort was made to file the chattel mortgage with the county auditor. That case also held that both the chattel mortgage filing act and the motor vehicle registration act must be complied with in order to preserve a security interest in a motor vehicle.

It was also pointed out in the *Olympia State Bank* case that the legislature had failed to state its intention in enacting the two statutes which contain incomplete notice pro-

---

[1] This decision is not referred to in the briefs filed in this court.

visions. The legislature has met twice since that decision was announced, but no legislation has been enacted to change the law relating to this problem.[2]

In the present case, neither the mortgagor nor the mortgagee (appellant) made any attempt to comply with the motor vehicle registration act.[3] Appellant did not fully protect his interest against subsequent claimants. Although respondent would receive constructive notice of appellant's interest from the filed chattel mortgage by RCW 61.04.040, he was not given the additional notice of appellant's interest afforded by the certificate of ownership. In the ordinary chattel mortgage situation, appellant's lien would be protected against subsequent purchasers, such as respondent, by the filing of the chattel mortgage, but something more is required for a security interest in a motor vehicle. We think there is merit in this requirement of a higher standard of conduct for the protection of a security interest in a mobile chattel which has a high frequency of transfers.

Appellant did not take the appropriate steps to protect his secured status, so, in view of the above considerations, he has lost his mortgage lien as to respondent. Therefore, the trial court properly entered a summary judgment in favor of respondent.

█ On the issue of damages, to which appellant also assigns error, we have reviewed the record and find the trial court's findings of fact to be supported by substantial evidence, so this court will not review those findings of fact on appeal. *Morris v. Rosenberg, ante* p. 404, 391 P. (2d) 975 (1964), and cases cited.

---

[2]The Uniform Commercial Code, §§ 9-103 and 9-302, would aid in the solution of such problems, should that legislation be enacted in the state of Washington.

[3]In *Merchants Rating & Adjusting Co. v. Skaug, supra,* it was shown that RCW 46.12.170 places a burden on the mortgagee to see that a new certificate of title is issued showing his interest, by the requirement that he sign the application for a new certificate of title.

The judgment of the trial court, being correct in all respects, is, hereby, affirmed.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.

December 16, 1964. Petition for rehearing denied.