[No. 34624. Department One. October 2, 1958.]

HARRY WILSON et al., Respondents, v. WILLIAM H. WILSON et al., Appellants.[1]

[1]Reported in 330 P. (2d) 178.

*Wright & Wright*, for appellants.

*Neal Clark*, for respondents.

FINLEY, J.—This is an action brought against the defendants to recover for the alleged conversion of certain property belonging to the plaintiffs. From a judgment in favor of the plaintiffs, the defendants have appealed. For clarity, we will hereafter refer to Harry Wilson as respondent, William H. Wilson as appellant, and O. W. Petersen as Petersen.

In October of 1955, respondent rented one of appellant's eighteen cottages on a month-to-month basis. Respondent paid the rent up to and including April 16, 1957. During the term of his tenancy, he was allowed to use the parking lot which appellant provided for the convenience of all of his tenants, and which was located on appellant's property. When respondent moved out of his rented cottage on April 14, 1957, he left a 1946 Chevrolet pickup truck and some miscellaneous automotive equipment and tools in the parking lot.

On April 17, 1957, appellant's son, pursuant to instructions from his father, telephoned Petersen, who was engaged in the towing business, and requested him to remove respondent's truck and other property from the parking lot. Petersen sent his son Gary to the lot, and appellant told Gary which property to haul away. There is nothing in the record to indicate that Gary was told who owned the property. However, as he was towing the truck to his father's place of business, he met the respondent. Respondent demanded that his truck be returned. Gary refused to return it unless respondent would produce some evidence of ownership and would agree to pay the towing bill. This respondent was unable to do. Shortly thereafter, on the evening of the same day, respondent went to appellant's home and insisted that his truck be returned. This demand was met with a

threat by appellant to call the sheriff unless respondent left his premises immediately. Three days later, on April 20, 1957, respondent went to Petersen's place of business and again demanded his truck. Petersen would not deliver the truck unless the respondent could produce a registration certificate as evidence of ownership, and, because respondent did not have this certificate, Petersen kept the truck.

This action for conversion was commenced shortly thereafter.

Appellant contends that he had a right to have respondent's property removed from his premises, because a reasonable time had elapsed since the termination of the tenancy. However, the trial court did not find it necessary to determine whether a reasonable time had in fact elapsed.

In *Smith v. Boyle* (1902), 66 Neb. 823, 92 N. W. 1018, the Nebraska court said that, if the landlord does remove a tenant's property, he must exercise "such care in so doing as the nature of the property demands, . . ." and he must leave "it in such condition that the owner by reasonable diligence can take it uninjured; . . ." In the instant case the appellant, when he determined that he was going to have the goods removed, simply called Petersen and said, "A tenant has left a truck on my premises. I want you to come and get it." And, under the evidence, that is the only instruction he gave. He did not tell Petersen who the true owner of the truck was; nor did he make any arrangements with Petersen as to how the respondent could get his truck returned to him.

The trial court found that Petersen was acting as the appellant's agent on April 20, 1957, when Petersen refused to deliver the property to the respondent. This finding is supported by the record. The appellant contends that the relationship between him and Petersen was that of principal-independent contractor. It is true that Petersen could be characterized as an independent contractor of the appellant in dealings with certain persons; but it is also true that in his dealings with the respondent with regard to respondent's property there is evidence in the record to support the

trial court's finding that Petersen was acting as appellant's agent. See *Rothchild Brothers v. Northern Pac. R. Co.* (1912), 68 Wash. 527, 123 Pac. 1011.

■ Petersen urges that he committed no conversion, because his refusal to deliver the property was not an unqualified refusal; that all he did was to insist that the respondent produce a registration certificate as evidence of title. In *Martin v. Sikes* (1951), 38 Wn. (2d) 274, 229 P. (2d) 546, this court said, quoting from Salmond on the Law of Torts (9th ed.) 310, § 78:

" 'A conversion is the act of wilfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it.' "

■ The trial court found that under the circumstances of the present case it was not reasonable for Petersen to require the respondent to produce a certificate of title before relinquishing the truck to him. There is ample evidence in the record to support this finding. Petersen did not question respondent's identity. Even so, as the trial court pointed out, if there was doubt in Petersen's mind as to who was the true owner of the truck, all he had to do was to call the appellant and check the respondent's story.

The judgment of the trial court should be affirmed. It is so ordered.

HILL, C. J. MALLERY, OTT, and HUNTER, JJ., concur.