[No. 36247.    Department One    December 13, 1962.]

LEANDER E. JUDKINS, *Respondent*, v. SADLER-MAC NEIL *et al.*, *Appellants.*\*

*Horton & Wilkins,* by *Hugh B. Horton,* for appellants.

*Peterson, Taylor & Day,* for respondent.

HILL, J.—This is an appeal by the defendants from that portion of the judgment, in an action for damages for the

\*Reported in 376 P. (2d) 837.

conversion of personal property, which relates to a cash item of $1,400 for which the plaintiff has been permitted a recovery.

Omitting many psychologically interesting and important (and probably decisive, jury-wise), but legally irrelevant, details the substance of the matter is that the plaintiff traded in his 1951 Ford pickup to the defendants as part of a transaction whereby the plaintiff acquired from the defendants a 1957 Cadillac. In the pickup, when the defendants took possession, were a number of personal items belonging to the plaintiff.

At some time in the early afternoon of the Sunday on which this transaction occurred, and after the papers transferring title had been signed, the plaintiff left the pickup in front of the defendants' place of business, retaining the keys in his possession. The plaintiff testified that at some time later that afternoon, it is not clear just when,

" . . . They [the defendants' employees] would not let me take my stuff home and unload it. That is what I wanted to do."

The plaintiff thereafter attempted to take the pickup to his home, and the defendants' employees refused to let him do so. The plaintiff then left and returned with a policeman some time after 6:00 p. m. In the meantime the pickup had been moved into the defendants' shop or garage. The officer asked if the plaintiff could get his personal belongings out of the truck, and the defendants' employees refused the plaintiff access to the pickup.

On Tuesday, accompanied by his attorney, the plaintiff went to see one of the defendants about the return of his personal property in the pickup. For the first time, the defendants were told that included in the personal property was a large sum of money, a diamond ring, and a watch. The defendants then informed plaintiff that all the personal property in the pickup had been placed in the trunk of the Cadillac, which had been left at his home.

The plaintiff, after examining the personal property in the Cadillac, claimed that four items were missing: $1,400 in

cash, a diamond ring worth $1,000, a watch worth $100, and a trailer hitch and electric braking equipment worth $90, and brought an action for the conversion of those items.

The jury found that there had been a conversion of the $1,400 cash and of the electric brake and trailer hitch, but not of the diamond ring and the watch. (That the defendants removed the brake and hitch is conceded.)

The defendants' appeal is only on the cash item.

They urge that if the $1,400 was in the pickup (and there is no evidence that it was except the testimony of the plaintiff[1]) when they took possession of it, the legal relationship was that of bailor and bailee and that the trial court erred in refusing to give an instruction on bailment.

They further urge that an essential element of conversion was missing: an intent to deprive the owner of his property, and that the trial court erred in instructing that intent is not an essential element of conversion.

■ We shall consider the latter contention first. Plaintiff's cause of action is founded upon the unwarranted interference with his right to the possession of his property.

It is said in Salmond on the Law of Torts (9th ed. 1936), § 78, p. 310:

"A conversion is the act of wilfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it."

This is quoted in *Wilson v. Wilson* (1958), 53 Wn. (2d) 13, 16, 330 P. (2d) 178, 179; and *Martin v. Sikes* (1951), 38 Wn. (2d) 274, 278, 229 P. (2d) 546, 549.

Proof of the defendants' knowledge or intent is not essential in establishing a conversion. An excellent statement on this proposition, typifying a long line of authority, is found in *Poggi v. Scott* (1914), 167 Cal. 372, 375, 139 Pac. 815, 816:

---

[1]There is claimed corroboration in that there was evidence that the plaintiff had drawn $1,400 out of a bank in Chandler, Arizona in April, 1960. The testimony was that it had been in his possession during the intervening 5 months, until the claimed conversion in September.

" . . . The foundation for the action of conversion rests neither in the knowledge nor the intent of the defendant. It rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results. Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are of the gist of the action. 'The plaintiff's right of redress no longer depends upon his showing, in any way, that the defendant did the act in question from wrongful motives, or generally speaking, even intentionally; and hence the want of such motives, or of intention, is no defense. Nor, indeed, is negligence any necessary part of the case. Here, then, is a class of cases in which the tort consists in the breach of what may be called an absolute duty; the act itself (in some cases it must have caused damage) is unlawful and redressible as a tort.' . . . "

(Quoted approvingly in *Fisher v. Pickwick Hotel, Inc.,* (1940), 42 Cal. App. (2d) 823, 826, 108 P. (2d) 1001, 1002, 1003.)

The trial court made it very clear that the defendants had the right to take possession of the pickup and that the basis of recovery, if any, was the defendants' refusal to deliver to the plaintiff his personal belongings after demand therefor. The trial court did not err in instructing that the intent of the defendants was not an essential element of conversion.

We turn now to the claim of the defendants that they were bailees. If they can get the label of bailment on the transaction, then they rely on *Theobald v. Satterthwaite* (1948), 30 Wn. (2d) 92, 190 P. (2d) 714, 1 A. L. R. (2d) 799, to relieve them of any liability on the theory that they did not have knowledge of the valuable nature of the items of personal property alleged to have been left in the pickup. What that case held was that the proprietors of a beauty shop did not become bailees of a fur coat which a customer left in the reception room without the knowledge of the proprietors, since there was no change of possession of the coat sufficient to constitute a delivery. No one of the elements of conversion was present in that case.

█ We are not concerned with the label placed on the legal relationship between the plaintiff and defendants, when the defendants took possession of the plaintiff's personal property. It is clear that when they refused to surrender its possession to the plaintiff, who was entitled to its immediate possession, there was a conversion.

The rule is stated succinctly in Restatement, Torts (1934), § 237:

"One in possession of a chattel as bailee or otherwise, who on demand, refuses to surrender its possession to another entitled to the immediate possession thereof, is liable for its conversion. . . ."

See also our statement to the same effect in *Walling v. S. Birch & Sons Constr. Co.* (1950), 35 Wn. (2d) 435, 438, 213 P. (2d) 478, 480.

However much we may marvel at the jury's ability to distinguish between fact and fantasy in determining which, if any, of the three articles in issue were in the pickup when the defendants took possession of it, we must concur in the trial court's comment, "the matter was a question of fact for the jury to determine"; and we find no prejudicial error in the record.

FINLEY, C. J., WEAVER, and ROSELLINI, JJ., concur.