[No. 2154-1.    Division One.    April 28, 1975.]

CHARLES J. BARNETT et al, Respondents, v. EVERETT TRUST & SAVINGS BANK, Appellant.

Newton, Newton & Kight and Henry T. Newton, for appellant.

Hunter, Gates & Patterson and Mark T. Patterson, for respondents.

FARRIS, J.—Everett Trust & Savings Bank appeals from a judgment of $13,384 entered against it in favor of Charles J. Barnett and Zell V. Barnett, his wife, owners of the Chef

Luigi Restaurant, for the alleged conversion of the restaurant.

In 1966, Charles J. and Zell V. Barnett, owners of a restaurant then known as the New Imperial Cafe & Cocktail Lounge, sold that restaurant, together with its equipment, to Henry and Virginia Roppolo on a conditional sales contract. The contract did not contain an "after acquired property clause." During the same year, Henry Roppolo died and the vendee's interest in the contract was sold to Albert L. Ray and Susann Ray, husband and wife. In 1967, Susann was divorced from Albert Ray and in that action acquired the marital community's interest in the restaurant.

A subsequent fire destroyed some of the property covered by the conditional sales contract and shortly thereafter a valid security instrument was taken on replacement property by Bargreen Coffee & Restaurant, Inc. In addition, in 1970, Everett Trust & Savings filed a security interest covering all equipment, fixtures and furnishings in the restaurant to secure a loan of approximately $12,000 to the former Susann Ray, now Susann Ray Parsons and her husband, Wayne Parsons. National Cash Register also had a security interest in two cash registers in the restaurant.

In February of 1971, the restaurant was closed and in June of the same year the restaurant's liquor license lapsed. In addition, during that period a fire occurred in the building in which the restaurant was located and the top floor of that building was removed by the owner.

On June 21, 1971, the Barnetts sent notice of forfeiture of conditional sales contract to Susann Ray and Wayne Parsons. This forfeiture was confirmed by judgment in the Snohomish County Superior Court in August, 1971. From August 13 to September 13, 1971, Everett Trust & Savings repossessed from the premises certain equipment and personal property upon which it held a security interest. At the time of the repossession, the lease to the Parsons had been rescinded and the landlord was willing to lease the space to a responsible lessee, including the Barnetts, but

nothing had been negotiated. On September 13, 1971, the Superior Court for Snohomish County entered an agreed order restraining Everett Trust & Savings from disposing of any of the property which it had repossessed.

The Barnetts then brought this action against Everett Trust & Savings, alleging disparagement of title and conversion. The conversion cause of action was sustained while the other was dismissed. The Barnetts were awarded the value of the equipment in place, subject to obtaining a lease of the restaurant; that figure was fixed at $15,000 less the $1,616 salvage value of the equipment.

■ The appeal questions whether the repossession of equipment by Everett Trust & Savings amounted to a conversion of that equipment. A conversion is

the act of wilfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." [*Salmond on the Law of Torts* § 78, at 310 (9th ed. 1936).]

*Judkins v. Sadler-Mac Neil*, 61 Wn.2d 1, 3, 376 P.2d 837 (1962); *Wilson v. Wilson*, 53 Wn.2d 13, 330 P.2d 178 (1958); *Martin v. Sikes*, 38 Wn.2d 274, 229 P.2d 546 (1951).

Everett Trust & Savings argues that it was legally justified in repossessing the equipment pursuant to the rights conferred upon it, as a second party, by RCW 62A.9-503, which provides in pertinent part:

Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

The Barnetts argue that that statute does not apply here and that following judicial foreclosure of a conditional sales contract, repossession of the property covered by the contract by one other than the vendor is without legal justification and constitutes conversion.

■■ We agree that equipment repossessed after forfeiture of the conditional sales contract was converted if such equipment was covered by the 1966 contract. A se-

cured party's interest in collateral is only as great as that held by the debtor. *See* 1 G. Gilmore, *Security Interests in Personal Property* § 11.5, at 353 (1965); *Snow v. Mitchell*, 2 Wn.2d 424, 97 P.2d 1097 (1940). Here, the bank's interest in the collateral was subject to the vendor's right to foreclose following default under the conditional sales contract. *See* RCW 62A.10-102(2). Therefore, when the debtor's interest in the collateral was forfeited under provisions of a conditional sales contract governed by precode law, the secured party's interest was likewise forfeited. Under such circumstances, the secured party does not have the repossession right provided by RCW 62A.9-503. Unfortunately, the findings of the trial court fail to indicate whether the equipment which was repossessed by the bank was covered by the 1966 conditional sales contract. Since neither party raised the question in its brief, oral argument or in the supplemental brief requested by the court, we will assume from the holding of the trial court that the 1966 conditional sales contract covered the equipment in question; the holding that such equipment was converted is affirmed.

■■ Error is also assigned to the measure of damages used by the trial court. The issue arises because of the substantial difference in value of the equipment in place in a salable restaurant and the equipment severed from its location and salable only as used restaurant equipment. The record supports the trial court's finding that the bank's removal of the equipment destroyed the restaurant as a business and made it impossible to recover any sum for the equipment except by selling it as used restaurant equipment. Recovery for damage to an established business in a conversion action is proper where supported by such evidence. *Crutcher v. Scott Publishing Co.*, 42 Wn.2d 89, 253 P.2d 925 (1953); *Seeley v. Peabody*, 139 Wash. 382, 247 P. 471 (1926). The trial court found upon disputed evidence that damage here was $15,000 less the $1,616 salvage value of the severed equipment which the Barnetts have re-

covered and granted judgment of $13,384. Factual findings supported by substantial evidence will not be disturbed on appeal.

Affirmed.

WILLIAMS, C.J., and JAMES, J., concur.