[No. 10497-7-I. Division One. September 26, 1983.]

JACK SHERWOOD, ET AL, *Respondents,* v. BELLEVUE DODGE, INC., *Appellant.*

742

*Alfieri & Olwell* and *Ralph Alfieri*, for appellant.

*Gregory J. Parker*, for respondents.

CALLOW, J.—Bellevue Dodge, Inc. (Dodge, Inc.) appeals a nonjury trial court decision which found it liable in damages for violating the Consumer Protection Act (CPA) and for the intentional infliction of mental distress.

The issues are:

1. Did the trial court err when it found that Dodge, Inc. wrongfully repossessed Jack and Ardella Sherwood's car in violation of RCW 62A.9–503, and thus violated the Consumer Protection Act?

2. Was Ardella Sherwood's award of $1,000 in damages for the intentional infliction of mental distress proper?

3. Did the trial court err in dismissing Dodge, Inc.'s counterclaim?

4. Should terms and sanctions be imposed against Dodge, Inc. for bringing a frivolous appeal?

During the early part of 1979, the Sherwoods acquired a 6–month lease of a 1979 Dodge Colt from Dodge, Inc. through a charitable auction. Later, the Sherwoods decided to buy the vehicle. The car was financed with $800 in cash from the Sherwoods and $4,004.46 in a cashier's check from Seattle Trust & Savings. Sherwood also agreed to pay an additional $555.63 to Dodge, Inc. which included $275 as payment for a supplementary 5–year, 50,000–mile warranty with the remaining balance primarily representing the sales tax on the car. Upon receipt of the $4,804.46, Dodge, Inc. transferred the certificate of title to Seattle Trust. The Sherwoods never received a copy of the 5–year, 50,000–mile warranty. Later, the Sherwoods received a promissory note in the mail for $555.63 which called for additional terms not previously agreed on. The Sherwoods signed and returned the proffered note.

Dodge, Inc. made no demand for payment on the promissory note. Nonetheless, it directed a towing company to repossess the car. On the day the car was towed, the tow truck followed Ardella Sherwood from her home to her

place of work. She parked her car in the parking space directly in front of her employer's glass front door. When the tow truck driver started to connect the car to the tow truck, Ardella Sherwood ran outside to ask the driver what he was doing. This created a commotion in the office and many of Ardella Sherwood's co–workers came to the front door to listen. After telling the tow truck driver to wait until she found out what was going on, Ardella Sherwood ran inside to call her husband. After talking to her husband, she discovered the car was gone. Neither Jack nor Ardella Sherwood had any idea as to why the car was being repossessed. Ardella Sherwood testified to her feelings of discomfort and embarrassment brought on by the incident. Pursuant to a court order, the car was returned to the Sherwoods 1 week after it was repossessed.

The Sherwoods brought suit against Dodge, Inc. alleging that the repossession of the car was a wrongful conversion, deprived them of the use of the car and was an unfair trade practice. In addition, the Sherwoods alleged the intentional infliction of mental distress. Dodge, Inc. counterclaimed for a balance claimed to be due on the purchase price. The court dismissed Dodge, Inc.'s counterclaim and determined the damages stemming from the wrongful repossession of the Sherwoods' car amounted to $710; the court tripled the amount of damages to the $1,000 maximum amount allowed by the CPA. Second, the court found Ardella Sherwood had been damaged in the amount of $1,000 for the intentional infliction of mental distress. Attorney's fees of $2,250 and costs of $280 were also assessed against Dodge, Inc. Dodge, Inc. appeals.

The first issue is whether the trial court erred when it found that Dodge, Inc. wrongfully repossessed Sherwood's car in violation of RCW 62A.9–503, and thus violated the Consumer Protection Act.

Dodge, Inc. contends the evidence presented at trial failed to show a violation of the CPA, RCW 19.86.020. *Anhold v. Daniels*, 94 Wn.2d 40, 43, 614 P.2d 184 (1980) stated that a private party may bring an action pursuant to

RCW 19.86.020 "where there is a specific legislative declaration that the public has an interest in the subject matter of the action." *See Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978). *Anhold* reiterated the elements a private party must prove to sustain an action under RCW 19.86:

> [T]he conduct complained of must: (1) be unfair or deceptive; (2) be within the sphere of trade or commerce; and (3) impact the public interest.

*Anhold v. Daniels, supra* at 45. Public interest is demonstrated by a showing that

> (1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce has induced the plaintiff to act or refrain from acting; (2) the plaintiff suffers damage brought about by such action or failure to act; and (3) the defendant's deceptive acts or practices have the potential for repetition.

*Anhold v. Daniels, supra* at 46. The Sherwoods did not introduce evidence that Dodge, Inc.'s wrongful repossession had a potential for repetition and, therefore, Dodge, Inc. claims there was insufficient evidence to find it liable for violating the CPA.

██ The trial court did not use the *Anhold v. Daniels* test in finding a CPA violation. Instead, it found Dodge, Inc. committed a per se violation of the CPA when it wrongfully repossessed Sherwood's car. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 270, 501 P.2d 290 (1972) discussed per se violations, stating: "[w]hat is illegal and against public policy is per se an unfair trade practice."

*Dempsey v. Joe Pignataro Chevrolet, Inc.,* 22 Wn. App. 384, 393, 589 P.2d 1265 (1979) set forth four elements which must be present for the court to find a per se violation of the CPA:

> (1) the existence of a pertinent statute; (2) its violation; (3) that such violation was the proximate cause of damages sustained; and (4) that they were within the class of people the statute sought to protect.

The violation of a statute, standing alone, will not suffice

to satisfy the public interest requirement of a private party action pursuant to RCW 19.86.090. *Haner v. Quincy Farm Chems., Inc.,* 97 Wn.2d 753, 649 P.2d 828 (1982).

The rule is this: unless there is a "specific legislative declaration" of a public interest, the public interest requirement of RCW 19.86.090 is not per se satisfied even though in engaging in an unfair or deceptive act or practice in the conduct of trade or commerce (RCW 19.86.020) the defendant violates a statute.

97 Wn.2d at 762.

■■ The Legislature found it necessary to regulate the distribution and sale of motor vehicles

in order to prevent frauds, impositions and other abuses upon its citizens and to protect and preserve the investments and properties of the citizens of this state.

RCW 46.70.005. The area of motor vehicle business practices is a specific legislatively declared area of public interest.

Dodge, Inc. violated RCW 62A.9–503. RCW 62A.9–503 sets forth the statutory mechanisms for the repossession of secured property:

Unless otherwise agreed *a secured party* has on default the right to take possession of the collateral. In taking possession a *secured party* may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

(Italics ours.)

The trial court entered a finding of fact as follows:

Bellevue Dodge, Inc. did not have any legal interest nor any security interest in the 1979 Dodge Colt Serial no. 6M21–K98–205623 on April 3, 1980.

"A conversion is 'the act of wilfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it.'" *Barnett v. Everett Trust & Sav. Bank,* 13 Wn. App. 332, 334, 534 P.2d 836 (1975) (quoting *Judkins v. Sadler–Mac Neil,* 61 Wn.2d 1, 3, 376 P.2d 837 (1962)). The trial court made an unchallenged finding that Dodge, Inc. had neither a legal nor a security interest in the automobile. An

unchallenged finding is a verity on appeal. *Pier 67, Inc. v. King Cy.*, 71 Wn.2d 92, 94, 426 P.2d 610 (1967). The trial court correctly concluded that the motor vehicle dealer's nonjudicial repossession of the purchaser's car constituted unlawful conversion. This constituted a violation of the statute for the purposes of a per se violation of the CPA. *Salois v. Mutual of Omaha Ins. Co., supra.*

RCW 46.70.180 lists several legislatively declared unlawful acts or practices in the sale of motor vehicles. While an unsecured vehicle dealer's nonjudicial unconsented to repossession of a motor vehicle was not specifically included in RCW 46.70.180's list of unlawful acts or practices, the statutory recitation of unlawful practices is not exclusive. RCW 46.70.101 sets forth grounds for a motor vehicle dealer's or salesman's denial, suspension, or revocation of license. RCW 46.70.101(1)(a)(ii) states denial, suspension or revocation of a vehicle dealer's license may occur where the vehicle dealer has "suffer[ed] any judgment within the preceding five years in any civil action involving fraud, misrepresentation, or *conversion.*" (Italics ours.) RCW 46.70.101(1)(b)(iv) lists as a ground for denial, suspension or revocation the circumstance where the vehicle dealer "[h]as purchased, sold, disposed of, or has in his possession any vehicle which he knows or has reason to know has been stolen or *appropriated without the consent of the owner*". (Italics ours.) RCW 46.70.101(2)(b) and (g) list the same grounds as they apply to vehicle salesmen. RCW 46.70 reflects the legislative disapproval of a motor vehicle dealer's unlawful conversion of the property of another. We hold that an unsecured vehicle dealer's nonjudicial unconsented to repossession of a motor vehicle affects the public interest, per se. Thus, the first two elements of a per se violation, the existence of a pertinent statute and its violation, were established in the trial court. *See Dempsey v. Joe Pignataro Chevrolet, Inc., supra* at 393.

■ The court also found damages from the unlawful repossession in the amount of $500 for lost income and $210 for the reasonable rental value of a substitute vehicle.

Dodge, Inc. did not challenge the trial court's findings. An unchallenged finding of fact is a verity on appeal. *Pier 67, Inc. v. King Cy.*, 71 Wn.2d 92, 94, 426 P.2d 610 (1967). The third element of the per se violation test, a showing that the unlawful repossession was a proximate cause of the damages sustained, has been met. Finally, Sherwood is within the class of people RCW 62A.9–503 sought to protect. The trial court did not err when it held that Dodge, Inc. committed a per se violation of the CPA when it wrongfully repossessed the Sherwood car.

The second issue is whether Ardella Sherwood's award of $1,000 in damages for the intentional infliction of mental distress was proper.

Dodge, Inc. alleges the award was improper. It claims the Sherwoods are only entitled to $1,000 in damages for both the wrongful repossession of the car and the intentional infliction of mental distress. Second, Dodge, Inc. claims the court abused its discretion in awarding Ardella Sherwood $1,000 in damages since the mental anguish experienced by Ardella Sherwood was minimal.

■ We disagree. *Keyes v. Bollinger,* 31 Wn. App. 286, 640 P.2d 1077 (1982) analyzed whether "mental distress, embarrassment, and inconvenience" was recoverable under the CPA. *Keyes* noted RCW 19.86.090 provides:

> Any person who is injured *in his business or property* by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060 . . . may bring a civil action in the superior court . . . to recover the actual damages sustained by him . . .

(Italics ours.) *Keyes* held

> "mental distress, embarrassment, and inconvenience," without more, are not compensable under the Consumer Protection Act. Should "mental distress, embarrassment, and inconvenience" in fact entail pecuniary loss, we discern no reason under the act to exclude such damages.

31 Wn. App. at 296.

Here, Ardella Sherwood's award of damages for mental distress was not awarded under the CPA, but separately as

the intentional infliction of mental distress. An action may be based in part upon a violation of the CPA and, in part, upon tort. In *Nuttall v. Dowell,* 31 Wn. App. 98, 639 P.2d 832 (1982), recovery was permitted in part for a violation of the CPA and damages were also allowed for inaccurate boundary line descriptions. Likewise, here, the plaintiff could recover under the CPA for a violation of that act and, separately, for the intentional tort.

██ The amount of damages is not excessive and is a matter to be fixed within the judgment of the trial court. *Rasor v. Retail Credit Co.,* 87 Wn.2d 516, 531, 554 P.2d 1041 (1976). The appellate courts

> will not disturb an award of damages made by [the fact finder] unless it is outside the range of substantial evidence in the record, or shocks our conscience, or appears to have been arrived at as the result of passion or prejudice.

(Citations omitted.) *Rasor v. Retail Credit Co., supra* at 531. Further, "in instances of injury to reputation, personal humiliation, mental suffering, and similar harm 'there need be no evidence which assigns an actual dollar value to the injury.'" *Rasor v. Retail Credit Co., supra* at 531 (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350, 41 L. Ed. 2d 789, 94 S. Ct. 2997 (1974)). We uphold the award.

The third issue is whether the trial court erred when it dismissed Dodge, Inc.'s counterclaim for the balance due on the note.

Dodge, Inc. counterclaimed for $555.63 allegedly owed by the Sherwoods from the sale of the car. Dodge, Inc. claimed that the $555.63 included some sales tax, additional undercoating, and $275 for an extended 5–year, 50,000–mile warranty sold to the Sherwoods by Dodge, Inc. in addition to the car manufacturer's warranty. In answer to the counterclaim, the Sherwoods admitted that $231.64 was due Dodge, Inc. for payment of the sales tax, but denied the claimed balance. Sherwood testified he never received a copy of the extended warranty and was unable to confirm whether the warranty in fact existed. Dodge, Inc. moved to

introduce a copy of the extended warranty allegedly signed by Sherwood. Sherwood denied the signature on the document was his. The trial court admitted the warranty for the limited purpose of showing which warranty Dodge, Inc. referred to during testimony, and to show that the warranty was signed by a Dodge, Inc. representative. The warranty was not admitted as substantive evidence. Subsequently, the trial court dismissed Dodge, Inc.'s counterclaim due to insufficiency of the evidence. Our review of the record discloses that the trial court did not err.

The fourth issue is whether terms and sanctions should be imposed against Dodge, Inc. for bringing a frivolous appeal.

■ *Streater v. White,* 26 Wn. App. 430, 435, 613 P.2d 187 (1980) set forth the following considerations for use in determining whether an appeal is frivolous and brought merely for delay:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

The record indicates that this was not a purely factual appeal. Terms should not be imposed against Dodge, Inc.

Sherwood has complied with the requirements of RAP 18.1. As the prevailing party, attorney's fees on appeal are awarded Sherwood in the amount of $2,521.50 for the preparation and presentation of this appeal.

The judgment is affirmed.

ANDERSEN, C.J., and WILLIAMS, J., concur.