IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CECILIA BURTON, | ) | No. 37205-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CITY OF SPOKANE, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, C.J. — The City of Spokane refused to release crime victim property belonging to Cecilia Burton, claiming an ongoing investigation. Ms. Burton sued for conversion and her complaint was dismissed on the pleadings. We reverse. The mere fact that a crime is under investigation does not excuse law enforcement's refusal to return crime victim property. The applicable standard is more exacting. Law enforcement may retain crime victim property only if the item of property is needed as evidence and if a photograph cannot serve as a sufficient evidentiary substitute. Because the facts alleged in Ms. Burton's complaint suggest the City has retained at least some of her property in violation of this standard, she should be allowed to pursue a claim for conversion.

FACTS

Cecilia Burton's son, Melvin Rouse II, died of a suspected homicide in 2016. The Spokane Police Department handled the investigation. Ms. Burton lives in California. She traveled to Spokane to retrieve her son's effects, which allegedly include jewelry, a

wallet, and other personal items. The police department refused to release Mr. Rouse's

property, claiming his case was under investigation.

After repeated efforts to obtain her son's belongings, Ms. Burton filed suit against

the City of Spokane in 2019. Her suit made a claim for conversion. Later filings indicated

she was also asserting claims for intentional infliction of emotional distress and

negligence.

The City did not file an answer to Ms. Burton's complaint; it instead pursued a

motion to dismiss under CR 12(b)(6). According to the City, it had no obligation to return

Mr. Rouse's property since his case was still under investigation. A superior court judge

granted the City's motion. Ms. Burton now appeals.

ANALYSIS

Under CR 12(b)(6), a complaint may be dismissed on the pleadings if it fails to

state a legal claim upon which relief can be granted. Our review of a CR 12(b)(6)

dismissal order is de novo. *Keodalah v. Allstate Ins. Co.*, 194 Wn.2d 339, 344, 449 P.3d

1040 (2019). Dismissal on the pleadings should be granted "'sparingly and with care.'"

*Id*. at 345 (quoting *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104

(1998)). The remedy is warranted "'only if it appears beyond a doubt that the plaintiff

cannot prove any set of facts which would justify recovery.'" *Id*. (quoting *Tenore*, 136

Wn.2d at 330).

The crux of Ms. Burton's complaint is that the City unlawfully withheld her son's property in violation of her rights as a crime victim survivor. Washington law grants crime victims and survivors of victims various rights with respect to criminal proceedings. WASH. CONST. art. I, § 35 (amend. 84); ch. 7.69 RCW. "The courts have an obligation to vigorously protect these rights." *State v. MacDonald*, 183 Wn.2d 1, 16, 346 P.3d 748 (2015).

One of the rights afforded to crime victims pertains to the return of personal property. A crime victim has the right:

> To have any stolen or other personal property expeditiously returned by law enforcement agencies or the superior court when no longer needed as evidence. When feasible, all such property, except weapons, currency, contraband, property subject to evidentiary analysis, and property of which ownership is disputed, shall be photographed and returned to the owner within ten days of being taken.

RCW 7.69.030(7).

The rights afforded to crime victims under chapter 7.69 RCW do not create new, independent causes of action. RCW 7.69.050. However, as the parties recognize, the rights set forth by statute are relevant to assessing other pre-existing causes of action. Here, the crime victim's rights statute is relevant to determining whether Ms. Burton can establish a claim for conversion.

Conversion involves three elements: (1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession. *See Judkins v. Sadler-Mac Neil*, 61 Wn.2d 1, 3, 376 P.2d 837 (1962) (quoting *Wilson v. Wilson*, 53 Wn.2d 13, 16, 330 P.2d 178 (1958)); *Martin v. Sikes*, 38 Wn.2d 274, 278, 229 P.2d 546 (1951)). "Wrongful intent is not an element of conversion, and good faith is not a defense." *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 818, 239 P.3d 602 (2010). A bailee who, on demand, refuses to return property to its owner is liable for conversion. *Judkins*, 61 Wn.2d at 5 (quoting RESTATEMENT (FIRST) OF TORTS § 237 (AM. LAW INST. 1934)).

The dispute in this case is over the second element of conversion; specifically, whether the City has unlawfully retained property belonging to Ms. Burton, as Melvin Rouse's surviving relative.

The City rests its argument on the first sentence of RCW 7.69.030(7), which states a crime victim's right to return of property only applies when the property is "no longer needed as evidence." Ms. Burton's complaint does not dispute that Mr. Rouse's alleged homicide remains under investigation. Thus, the City claims it is lawfully entitled to retain Mr. Rouse's personal effects.

The City's argument fails on two fronts.

4

First, it fails to individually assess the evidentiary value of the property collected at the time of Mr. Rouse's death. The fact that a particular piece of property was recovered from a homicide victim does not automatically show it is "needed as evidence," as contemplated by RCW 7.69.030(7). For example, it appears Mr. Rouse's wallet was one of the items seized in this case. The wallet's contents may have initially been important to determining identity, but it is not immediately apparent why the wallet and all its contents continue to hold evidentiary value. The fact that Mr. Rouse's case is still under investigation is not sufficient to establish that the City is entitled to keep Mr. Rouse's wallet, its contents, and his other belongings. A more detailed explanation is required.

Second, the City's argument ignores the second sentence of RCW 7.69.030(7), which contemplates law enforcement should retain a photograph in lieu of the victim's property "[w]hen feasible." Because there has been no individual assessment of Melvin Rouse's property, it is impossible to conclude that the evidentiary value of the property in the City's possession cannot adequately be preserved through photographs. Again, the City must do more to establish Ms. Burton is not entitled to return of her son's property.

We recognize Ms. Burton's rights as a crime victim do not supersede those of a future criminal defendant. *See MacDonald*, 183 Wn.2d at 17. If, for example, the property seized after Mr. Rouse's death contains trace genetic information, the State may have a

legitimate interest in retaining the property for future inspection by a criminal defendant. However, at this stage of the proceedings, it is not clear the items taken from Mr. Rouse meet this standard. On the current record, we simply cannot assess whether the items in the City's possession hold legitimate evidentiary value that cannot be preserved through a photographic record.

Our ruling today does not undermine the City's interest in protecting sensitive records regarding ongoing criminal investigations. Ms. Burton is not entitled to law enforcement reports or witness statements. She has no claim to items of evidence that did not belong to her son. The burden on the City to justify retention of property under RCW 7.69.030 is not significantly greater than what is required for a search warrant inventory. To the extent the City believes that explaining the basis for retention of a particular piece of evidence will disclose sensitive law enforcement information, it is free to explore protective remedies.

Under Washington law, crime victims must be afforded a "significant role in the criminal justice system." RCW 7.69.010. When it comes to property seized during a criminal investigation, law enforcement will ideally cooperate with crime victims to discern what items can be returned and what should be kept for evidentiary purposes. In the event of a difference in opinion, a crime victim's preferences should be given

dignity and respect. But the victim's input is not controlling. Law enforcement has the

ability to retain the victim's property so long as it complies with the requirements of

RCW 7.69.030(7).

CONCLUSION

Ms. Burton's has made a sufficient claim for conversion. The order dismissing Ms.

Burton's claim for conversion is reversed.[1] This matter is remanded to the superior court

for further proceedings consistent with the terms of this decision.

_____
Pennell, C.J.

WE CONCUR:

_____          _____
Siddoway, J.                                               Lawrence-Berrey, J.

---

[1] Ms. Burton's brief makes passing reference to claims against the City for negligence and intentional infliction of emotional distress. Because Ms. Burton has failed to develop an argument in support of these theories of relief, we will not give them further consideration. RAP 10.3(a)(6); *Holland v. City of Tacoma*, 90 Wn. App. 533, 537-38, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration"). The order dismissing claims other than the claim for conversion is affirmed.